IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANGEL OMAR QUINO MORENTE, A# 220 694 247, *Petitioner*, | § | |
| VS. | § | CIVIL CASE NO. SA-26-CV-7061-FB |
| MARKWAYNE MULLIN, Secretary of the United States Department of Homeland Security; TODD BLANCHE, United States Attorney General; MIGUEL VERGARA, San Antonio Field Office Director for Enforcement and Removal, U.S. Immigration and Customs Enforcement, Department of Homeland Security; BOBBY THOMPSON, Warden, South Texas ICE Processing Center, Pearsall, Texas; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; and EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, *Respondents*. | § | |

**ORDER FOR SERVICE AND FURTHER ORDERS OF THE COURT**

Before the Court is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1), filed by Petitioner Angel Omar Quino Morente.

IT IS HEREBY ORDERED that notice of electronic filing of the Petition (ECF No. 1) and this Order to the United States Attorney in San Antonio, Texas, shall constitute service on the Federal Respondents, as required by the Rules Governing § 2254 Cases[1] and Federal Rule of Civil Procedure 5, and on all Respondents unless otherwise contested.[2]

IT IS FURTHER ORDERED that Respondents shall file a response to the Petition **within seven (7) days** of the date of service. The Response **MUST** identify:

---

[1] The Rules Governing § 2254 Cases may be applied to § 2241 cases. *See Olya v. Garite*, No. EP-25-CV-83-DCG, 2025 WL 3254931, at *3 (W.D. Tex. Oct. 14, 2025) ("The Rules Governing § 2254 Cases ('Habeas Rules'), which a court may apply to § 2241 cases, authorize courts to apply the Federal Rules of Civil Procedure ('FRCP') to the extent they do not conflict with the Habeas Rules.").

[2] Rule 5(b)(2)(E) permits service by "sending [a paper] to a registered user by filing it with the court's electronic-filing system." The United States Attorney in San Antonio is a registered user of the Court's electronic filing system. While the Western District of Texas Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases, Section 5, typically bars notice of electronic filing from constituting service of writs, given the high volume of habeas cases challenging immigration detention, the Court will permit such notice of electronic filing to suffice as proper service in this case.

(1) Petitioner's alleged country of birth;[3]

(2) Petitioner's alleged date of entry into the United States and statutory basis for removability;

(3) Petitioner's previous immigration detention history, if any, including whether Petitioner was previously apprehended and released by immigration authorities;[4] and

(4) Petitioner's alleged immigration status.[5]

IT IS FURTHER ORDERED that, if Petitioner elects to file a reply, Petitioner may do so **no later than seven (7) days** after the Respondents file their answers/responses.

IT IS FURTHER ORDERED that **any possible or anticipated transfer of Petitioner Gustavo Ivan Elguezabal-Rivas is IMMEDIATELY STAYED[6] until further order from this Court. Respondents shall not transfer Petitioner Gustavo Ivan Elguezabal-Rivas outside of this judicial district during the pendency of this litigation and until further Order of this Court.** Of course, this order does not stay this case or any order of removal and/or the removal proceedings and does not preclude Respondents from taking necessary steps to effect Petitioner's removal. Instead, only the physical transfer of the Petitioner is stayed at this time.

It is so ORDERED.

SIGNED this 20th day of November, 2026.

FRED BIERY
UNITED STATES DISTRICT JUDGE

---

[3] This information is required to ensure that Petitioner can be located in the Online Detainee Locator System.

[4] *E.g.*, whether Petitioner has previously been subject to immigration detention and, if so, the approximate date of Petitioner's previous release into the interior.

[5] *E.g.*, whether Petitioner has a pending claim for asylum, withholding of removal, or protection under the Convention Against Torture, or is subject to a final removal order.

[6] *See Maldonado v. Lyons,* Case No. 5:26-CV-0112-JKP, 2026 WL 196521, at *2 (W.D. Tex. Jan. 20, 2026) (stay of removal and transfer by Court is proper exercise of Court's inherent power to preserve ability to hear case and "address the matters raised in the instant habeas petition").